FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 6 2000

JAMES W. McCORMACK, CLERK
By: Martha Sugate
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PROFESSIONAL CREDIT MANAGEMENT, INC.   PLAINTIFF

v.   NO. J-C-00-_375 SMR_

TONY D. TAYLOR   DEFENDANT

## NOTICE OF REMOVAL assigned to District Judge Reasons Jones

1. This action was commenced in the Municipal Court for the City of Jonesboro, Craighead County, Arkansas, on August 18, 2000. Defendant Tony D. Taylor filed his answer and a counterclaim on September 26, 2000. Copies of these pleadings are attached to this notice.

2. Defendant has filed a counterclaim the subject matter of which is plaintiff's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. An action for violation of this Act is authorized by 15 U.S.C. § 1692k(d). Jurisdiction of this court over federal questions is conferred pursuant to 28 U.S.C. 1331. Venue is conferred in this district based upon the location of the parties and pursuant to 28 U.S.C. § 1391.

3. This court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) and the cause is removable under 28 U.S.C. § 1441(a).

4. This notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

**WHEREFORE,** defendant Tony D. Taylor requests that this case be removed from Municipal Court for the City of Jonesboro, Craighead County, Arkansas to the United States District Court for the Eastern District of Arkansas, Jonesboro Division.

                      **MIXON PARKER & HURST PLC**
                      Attorneys for Defendant
                      P. O. Box 1442
                      Jonesboro, AR 72403
                      (870) 935-8600

by _____
       Donn Mixon  76079

### Certificate of Service

Donn Mixon certifies that he has served a copy of the foregoing pleading on plaintiff's attorney of record, Mr. Bryant Marshall, Marshall & Owens, P.A., P. O. Box 4034, Jonesboro, AR 72403, by placing a copy in the appropriate mail drop at the Craighead County Courthouse, Jonesboro, AR, on this September 26, 2000.

_____
Donn Mixon

Served – 9/9/0

rec'd 9/
cs-

IN THE MUNICIPAL COURT FOR THE CITY OF JONESBORO
CRAIGHEAD    COUNTY, ARKANSAS

FILED

PROFESSIONAL CREDIT MANAGEMENT, INC.                    PLAINTIFF
P.O. Box 4037, Jonesboro, AR 72403-4037, 870-932-7030

00 AUG 18 PM 12: 44

VS.                                         NO. C-00-796

MUNICIPAL COURT
CRAIGHEAD COUNTY, AR.

TONY D TAYLOR    485130                                 DEFENDANT(S)
911 W JEFFERSON
JONESBORO, AR  72401    933-8576

## COMPLAINT - FORM

1. The Defendant is indebted to the Plaintiff in the amount of $3979.54, plus prejudgment interest
2. The indebtedness is for goods and services sold and provided to the Defendant or to a person the Defendant is financially responsible for as reflected by the affidavit of account filed with the clerk and served on the Defendant.
3. Although demands have been made, the debt remains past due and unpaid.
4. The creditors whose affidavits are filed with the court clerk have assigned their claim(s) against defendant to plaintiff and a copy of each affidavit and assignment is attached hereto.
5. The Plaintiff is entitled to a reasonable attorney's fee from Defendant.
6. The Plaintiff is entitled to prejudgment interest at the rate of six percent (6%) per annum from the charge date.
WHEREFORE, Plaintiff asks the court for Judgment against the Defendant in the amount of $3979.54, plus prejudgment interest at 6% to the date of judgment. Costs, attorney fees and interest thereon at the rate of 10% per annum from the date of judgment.

## MOTION AND BRIEF FOR ATTORNEY FEE

1. Plaintiff moves for the award of an attorneys fee pursuant to ARCP 54 and Arkansas Inferior Court Rule 10.

Marshall and Owens, P.A.
P.O. Box 4034
Jonesboro, AR 72403

By: _____
Attorneys for Plaintiff

## NOTICE TO DEFENDANT

You are hereby warned to file a written answer with the clerk of the court within 20 days after the date that you receive this complaint and to send a copy to the plaintiff or to his or her attorney. If you do not file an answer within 20 days, or if you fail to file an answer, a default judgment may be entered against you.

WITNESS MY HAND AND THE SEAL OF THE MUNICIPAL COURT THIS 18th DAY OF August, 2000.

_____
Clerk

## AFFIDAVIT AND ASSIGNMENT OF ACCOUNT

The undersigned, having been sworn and under oath, states: I am authorized to make this affidav that the statement of account listed below is true and correct to the best of my knowledge, information and belief and there are no credits and/or offsets due.

RESPONSIBLE PARTY(IES): TONY D. TAYLOR

PATIENT'S NAME: TAYLOR, TONY D

ACCOUNT NUMBER: 82692 /

LAST CHARGE: 11-21-97

LAST PAYMENT: 06-01-00

AMOUNT OF LAST PAYMENT: $50.00

CURRENT BALANCE: $3942.70

In exchange for good and valuable consideration, the receipt of which is acknowledged, NEA INTERNAL MEDICINE does hereby assign and transfer to PROFESSIONAL CREDIT MANAGEMENT, INC. (Hereinafter "Assignee") all right, title, interest in an open account for services rendered to TAYLOR, TONY D in the amount of 3942.70. Further, the Assignee is granted full power to collect, sue for or settle said claim.

CREDITOR: NEA INTERNAL MEDICINE
By: _____
NAME & TITLE

SUBSCRIBED AND SWORN to before me, a Notary Public, this __19__ day of __June__, 20 _0v_.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MARK ROWLAND
NOTARY PUBLIC - ARKANSAS
GREENE COUNTY
My Commission Expires: 02-8-2004

03-31-99        485130        06-15-00

## AFFIDAVIT AND ASSIGNMENT OF ACCOUNT

The undersigned, having been sworn and under oath, states: I am authorized to make this affidavit that the statement of account listed below is true and correct to the best of my knowledge, information and belief and there are no credits and/or offsets due.

RESPONSIBLE PARTY(IES): TONY TAYLOR

PATIENT'S NAME: TAYLOR, ALLODIA GAYLE

ACCOUNT NUMBER: 13825 /

LAST CHARGE: 02-13-99

LAST PAYMENT:

AMOUNT OF LAST PAYMENT: $0.00

CURRENT BALANCE: $36.84

In exchange for good and valuable consideration, the receipt of which is acknowledged, DENNIS D. PARTEN, M.D. does hereby assign and transfer to PROFESSIONAL CREDIT MANAGEMENT, INC. (Hereinafter "Assignee") all right, title, interest in an open account for services rendered to TAYLOR, ALLODIA GAYLE in the amount of 36.84. Further, the Assignee is granted full power to collect, sue for or settle said claim.

CREDITOR: DENNIS D. PARTEN, M.D.

By: _____ / Billing
NAME & TITLE

SUBSCRIBED AND SWORN to before me, a Notary Public, this 12 day of June, 20 00.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MARK ROWLAND
NOTARY PUBLIC - ARKANSAS
GREENE COUNTY
My Commission Expires:02 - 8 - 2004



03-03-00        566227        05-24-00

IN THE MUNICIPAL COURT FOR THE CITY OF JONESBORO,
CRAIGHEAD COUNTY, ARKANSAS

PROFESSIONAL CREDIT MANAGEMENT, INC.            PLAINTIFF

v.          NO. C-00-796

TONY D. TAYLOR                                                     DEFENDANT

## ANSWER AND COUNTERCLAIM

### Answer

1. Defendant Tony D. Taylor denies each and every allegation of the Complaint of plaintiff Professional Credit Management, Inc.

2. Defendant denies that he is indebted to plaintiff for any sum and denies that plaintiff is entitled to recover anything from defendant.

3. Defendant moves to dismiss the Complaint of plaintiff for lack of subject matter jurisdiction.

4. Defendant states that plaintiff has violated the provisions of the Fair Debt Collection Practices Act, comes into this court with unclean hands, and has filed claims which are barred by the statute of limitations, laches, waiver, and estoppel. These matters are pleaded in defense to the claims of plaintiff.

### Counterclaim

**I.**

5. Defendant Tony D. Taylor is a resident of Jonesboro, Craighead County, Arkansas. Plaintiff Professional Credit Management, Inc., is an Arkansas corporation with its principal place of business in Jonesboro, Craighead County, Arkansas.

6. The subject matter of this counterclaim is violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. An action for violations of this Act is authorized by 15 U.S.C. § 1692k(d). Jurisdiction of the United States District Court over federal questions is conferred pursuant to 28 U.S.C. 1331. Venue is conferred in this district based upon the location of the parties and pursuant to 28 U.S.C. § 1391. This counterclaim also asserts pendent state claims.

## II.

7. Plaintiff is a debt collector as that term is defined under 15 U.S.C. § 1692a(6). Defendant is a consumer as defined under 15 U.S.C. § 1692a(3). Within the past year plaintiff has engaged in debt collection with defendant and defendant has made payments to plaintiff on alleged debts of creditors.

8. During and prior to one year prior to filing this counterclaim, defendant made payments to plaintiff to be applied upon what plaintiff maintained were valid and enforceable legal obligations in the form of medical bills incurred by defendant or his family members. Although requested by defendant or on his behalf, plaintiff failed and refused to supply information with regard to the identity of any creditors or how payments to plaintiff were being applied to creditors.

9. Plaintiff added additional charges or interest onto what it maintained was the debt of defendant even though plaintiff could supply no agreement creating the debt or authorization in law for such charges. Further, plaintiff applied payments made by defendant

2

to creditors' accounts which were barred by the statute of limitations or to debts which were otherwise disputed by defendant.

10. Plaintiff has purported to take assignments from creditors of the rights of creditors against defendant. It pays no consideration for these assignments and uses the assignments to combine the claims of multiple creditors. It further advances court costs, makes decisions for creditors as to when to file suit, takes assignment with the intent to file suit, pays a percentage of any recovery to the creditor, prepares court papers, advances court costs, and otherwise acts in a representative capacity in enforcing the legal rights of others.

### III.

11. Plaintiff's actions described above are violations of the Fair Debt Collection Practices Act. These violations include, but are not limited to, the following:

    (a) Communicating with a consumer whom plaintiff knew or should have known was represented by an attorney;

    (b) Collecting amounts not expressly authorized by the agreement creating the debt or permitted by law;

    (c) Failing to notify the consumer in writing of the amount of the debt and the name of the creditor;

    (d) Applying payments to debts which are disputed by the consumer or are barred by the statute of limitations;

    (e) Preparing and accepting assignments of debts with the intent to circumvent the provisions of the Fair Debt Collection Practices Act; and

    (f) Otherwise, using abusive, deceptive, and unfair debt collection practices.

12. Defendant is entitled to recover damages from plaintiff for the violation of the Fair Debt Collection Practices Act in the amount of defendant's actual damages plus statutory damages in the amount of $1,000 per violation plus reasonable attorney's fees and costs. Defendant is entitled to recover from plaintiff in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

## IV.

13. Plaintiff, by its actions described above, has been guilty of fraud and deceit willfully and maliciously perpetrated upon defendant. Plaintiff is further guilty of the unauthorized practice of law performed for the purpose of carrying out plaintiff's scheme of fraud and deceit.

14. Defendant is entitled to recover from plaintiff for the fraud, deceit, and unauthorized practice of law in furtherance thereof. Defendant is entitled to recover from plaintiff in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

## V.

15. Plaintiff's actions as described above were undertaken maliciously, intentionally, and in reckless disregard of the consequences to defendant. Defendant is entitled to recover punitive damages from plaintiff in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

16. Defendant is entitled to recover his attorney's fees and costs in this action from plaintiff.

**WHEREFORE**, defendant Tony D. Taylor prays that the complaint of plaintiff Professional Credit Management, Inc., be dismissed and it take nothing thereby; that defendant recover judgment against plaintiff in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases; that defendant recover judgment for punitive damages in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases; that defendant recover his attorney's fees; and that defendant have all proper legal and equitable relief.

> MIXON PARKER & HURST PLC
> Attorneys for Defendant
> P. O. Box 1442
> Jonesboro, AR 72403
> (870) 935-8600
>
> by _____
> Donn Mixon   76079

### Certificate of Service

Donn Mixon certifies that he has served a copy of the foregoing pleading on plaintiff by serving a copy of same on its attorney of record, Mr. Bryant Marshall, Marshall and Owens, P.A., P. O. Box 4034, Jonesboro, AR 72403, by placing a copy of same in the appropriate mail drop at the Craighead County Courthouse, Jonesboro, Arkansas, on this September 26, 2000.

_____
Donn Mixon

5